OPINION OF THE COURT
Albert D. Koch, J.
The defendant moves for an inspection of the Grand Jury minutes and a dismissal of the indictment. This court has read *880 the Grand Jury minutes and finds that the indictment must be dismissed.
On June 14, 1995, the defendant testified before the Grand Jury. At that time he stated that Lois Ramain was present at the Grand Jury and was willing to testify on his behalf. The Grand Jury was not asked if it would like to hear Ms. Ra-main’s testimony at that time. On June 23, 1995, which was the last day of the Grand Jury’s term, the prosecutor asked if the Grand Jury would like to hear Ms. Ramain’s testimony. The Grand Jury voted to hear it. The prosecutor then explained that Ms. Ramain was presently unavailable and asked the Grand Jury to vote to extend its term. In response to a question from a juror it was explained that if the Grand Jury voted not to extend its stay Ms. Ramain’s testimony would not be heard and they would not have to return. The Grand Jury then voted not to extend its term.
The Criminal Procedure Law provides that: "the court may, upon declaration of both the grand jury and the district attorney that such grand jury has not yet completed or will be unable to complete certain business before it, extend the term of court and the existence of such grand jury to a specified future date, and may subsequently order further extensions for such purpose.” (CPL 190.15 [1].)
After the Grand Jury voted to hear Ms. Ramain’s testimony, the only remaining question was whether there remained uncompleted business. By posing the question in terms of a choice of having to return or not, the prosecutor impaired the integrity of the Grand Jury and prejudiced the defendant. Accordingly, the indictment is dismissed. The People are granted leave to re-present.